**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **JOSE JUSTINO ESTUPINAN-ANGULO,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 26-cv-12641-ADB** |
| ) | |
| **WARDEN, FEDERAL MEDICAL** ) | |
| **CENTER DEVENS,** ) | |
| ) | |
| **Respondent.** ) | |

## ORDER

**BURROUGHS, D.J.**

Jose Justino Estupinan-Angulo, an inmate at Federal Medical Center, Devens, in Ayer, Massachusetts, filed a *pro se* "Motion to Review a Stay of Removal Due to a Final Order of Removal From the United States of America" (hereinafter, "the petition") in the United States District Court for the Middle District of Florida.[1]  See Estupinan-Angulo, No. 2:26-cv-1594-JES-KRH (M.D. Fla.).  On June 4, 2026, finding that petitioner may be seeking habeas relief pursuant to 28 U.S.C. § 2241 and noting that his petition includes the case number for Estupinan-Angulo v. Federal Medical Center-Devens, No. 26-cv-10938-ADB (D. Mass.), the court transferred the petition to the District of Massachusetts.  Id.

The Clerk in this district opened a civil action, and the case was assigned as related to Estupinan-Angulo v. Federal Medical Center-Devens, No. 26-cv-10938-ADB.  See Doc. No. 4. The petition has not been served pending the Court's preliminary review of the petition. See McFadden v. Warden, FCI Danbury, No. CV 22-30062-KAR, 2022 WL 1556026, at *2 (D. Mass.

---

[1] Petitioner's underlying criminal conviction is from the Middle District of Florida.  See United States v. Angulo, No. 8:18-cr-63-MSS-AEP-3.

May 17, 2022) (explaining that 28 U.S.C. § 2243 provides that if it appears from the application that petitioner is not entitled to relief, the district court is not required to serve the petition on respondent); see also Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4") (providing that, if it "plainly appears from petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition").[2]

Here, petitioner seeks the same relief that he unsuccessfully sought in Estupinan-Angulo v. Federal Medical Center-Devens, No. 26-cv-10938-ADB (dismissed Apr. 29, 2026). Under the REAL ID Act of 2005, 8 U.S.C. § 1252, this federal district court lacks jurisdiction to grant a stay of removal or to grant a permanent injunction. See 8 U.S.C. §§ 1252(a)(5), (b)(9).

Accordingly, the petition is DENIED and this action is DISMISSED.

**So Ordered.**

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
UNITED STATES DISTRICT JUDGE

July 9, 2026

---

[2] The rules governing petitions brought pursuant to 28 U.S.C. § 2254 cases may be applied at the discretion of the District Court to other habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases.